UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:19CV-P154-JHM

KRISTOPHER DAVID NEWMAN                                           PLAINTIFF

v.

MUHLENBERG CTY. DETENTION CTR. *et al.*                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Kristopher David Newman, an inmate at the Muhlenberg County Detention Center (MCDC), filed the instant *pro se* complaint under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow some of his claims to proceed.

### I.

Plaintiff is a convicted inmate at the Muhlenberg County Detention Center (MCDC). He sues MCDC; MCDC Jailer Terry Nunnely; Kellwell Food Management ("Kellwell Food"), the food provider at MCDC; and Barry Groves, whom he identifies as the "Chief Jailor" of MCDC. He sues Nunnely and Groves in their official capacities only.

In the complaint, Plaintiff states, "I was placed on a Kosher diet because I started practicing Judism and made a request to be placed on[] the Kosher diet." He maintains that it "was not a religious diet and they refused to fix it immediately." He states that he filed grievances concerning the issue and requested to be transferred to "another facility where they are more aware of the diet." Plaintiff reports that he was placed on the diet on October 24, 2019, and on October 29, 2019, "they still refused to have it fixed." He states that after he made

complaints, "[t]he jailor on Oct 28, 2019 gave me a menu from Kelwell food provider and said this is there menu to go by." He states that he was not given the proper items and that he has received trays with items that were not kosher. Plaintiff states, "I'm being refused my diet. I know my First Amendment Rights have been violated and my freedom of religion." He states, "They handed me a menu and still they serve whatever they feel. And also they have told me that they have a Jewish inmate in the kitchen that has approved what I eat." However, Plaintiff maintains that he is not receiving a kosher diet.

As relief, Plaintiff seeks compensatory damages and indicates that he seeks damages for "embarrassment mental manipulation and targeting."

Plaintiff filed a document which he captioned as "Statement #2" (DN 5), which the Court construes as a supplemental complaint. Therein Plaintiff states that he was "given another menu after the fact I submitted the financial part for the jail to fill out they have changed the diet up again as to the case is heating up." He asserts that he submitted several grievances to the "official Jailor" and has never gotten a written response from him "even after I have put to his attention." He states that the "chief Jailor," who Plaintiff identifies as Groves, is responding. He asserts that the "chief Jailor" is "the one who has put this new charge on me that I took 3 years on Oct 7, 2019 for 2nd degree forgery." He continues, "He is the one who initially charged me, served warrant, and was the witness to the case so he truly has it in for me now especially knowing I am bringing this civil suit against the jail."

Plaintiff also states that he has requested copies of "everything I have sent to this court to prove my case and asked for names and addresses of the food service and the jail has denied me of all of that because they know I was sending it to DOC . . . ." He further asserts that "they have given a nutrition statement that was 6/5/2018 and they just started that on Nov 3, 2019 as

said before they have served food that is not in the Kosher diet and I have been forced to eat things out of the diet . . . ." He states that he has complained "and all I get is I will check into it."

Plaintiff also reports in the supplemental complaint that he has spoken to Nunnely twice and that "he said he is not familiar with the diet that he is working to get it resolved. Ok he gave me the first menu that had milk everyday and I yet to get that like is said on the menu." Plaintiff states that he made several complaints and then wrote a note telling Nunnely that the food he had been receiving was not kosher. He reports that "they called him out" on November 5, 2019, and gave him a new menu "that his even more less food than the first menu" and does not include fruit or milk which was on the first menu. He states, "It is because I complained that it was not right for almost 2 week . . . ." He states, "I really feel that they did not think I would do this civil case. Now I feel that they truly are targeting me."

In the supplemental complaint, Plaintiff also states that "there is a problem with my food being ice cold it is like it was in a cooler before every meal and that means it is not prepared fresh." He states, "This matter was not a problem until they figured out I was pursuing the matter with the legal system. I truly believe it's a discrimination case." He also asserts, "I do wish to include in this action that my sentence be striked or suspended alone with the additional fees and ect."[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Plaintiff also filed a letter (DN 8) detailing more recent events. Upon review of the filing, the Court does not construe it as asserting additional claims and will take no action on it.

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

**A. Claim against Nunnely, Groves, and MCDC**

Plaintiff sues Nunnely and Groves in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Nunnely and Groves are actually brought against their employer, Muhlenberg County.

4

Moreover, MCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Therefore, the claim against MCDC is also brought against Muhlenberg County.

Because Muhlenberg County is the proper Defendant, the claim against MCDC and the official-capacity claims against Nunnely and Groves will be dismissed. The Court will direct the Clerk to add Muhlenberg County as a Defendant in the docket sheet.

**B. Claims against Muhlenberg County and Kellwell Food**

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to Kellwell Food, the Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Kellwell Food.[2] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691).

**1. Denial of kosher diet**

The Court construes the complaint and supplemental complaint as alleging claims for violation of the First Amendment's Free Exercise Clause and a claim under the Religious Land

---

[2] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For the purposes of initial review, the Court presumes that Kellwell Food contracted with Muhlenberg County to provide meals to inmates and is therefore a state actor.

5

Use and Institutionalized Persons Act (RLUIPA). Upon review, <u>the Court will allow Plaintiff's claims for violation of the First Amendment and RLUIPA to proceed against Muhlenberg County and Kellwell Food</u>. In doing so, the Court passes no judgment on the merit or ultimate outcome of the claims.

However, the Court notes that in the supplemental complaint, Plaintiff states that he "wish[es] to include in this action that my sentence be striked or suspended . . . ." Plaintiff cannot seek relief in the form of an immediate or speedier release in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Therefore, Plaintiff's request to strike or suspend his sentence will be dismissed for failure to state a claim upon which relief may be granted.

**2. Grievance handling**

Plaintiff complains about responses, or lack of response, he has received to various grievances filed at MCDC, including responses from Groves whom he alleges "has it in for [him]." To the extent that Plaintiff is alleging a separate constitutional claim based on these allegations, prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002) ("A grievance appeal does not implicate the First Amendment right of access to the courts because there is no inherent constitutional right to an effective prison grievance procedure."); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"); *Antonelli v. Sheahan*, 81 F.3d

1422, 1430 (7th Cir. 1996) (holding that plaintiff's allegation that the institution's grievance procedures were inadequate to redress his grievances did not violate the Due Process Clause and did not "give rise to a liberty interest protected by the Due Process Clause"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration"). Further, if the prison provides a grievance process, violations of its procedures or its ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases).

Therefore, Plaintiff's claims concerning the handling of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

   **3. Retaliation**

Plaintiff asserts that, "I really feel that they did not think I would do this civil case. Now I feel that they truly are targeting me." He also states that his food is served to him "ice cold." He states, "This matter was not a problem until they figured out I was pursuing the matter with the legal system. I truly believe it's a discrimination case."

The Court construes these allegations as claims for retaliation. In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between

7

elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

The Court presumes that the protected conduct Plaintiff is alleging is his request to be placed on a Kosher diet and/or the filing of this lawsuit, which would satisfy the first prong of a retaliation claim. However, with regard to his allegation that "they truly are targeting me," the allegation is too broad and lacking in factual specificity to meet the standard for stating an adverse action that would deter a person of ordinary firmness from continuing to engage in protected conduct. *See Iqbal*, 556 U.S. at 681 ("[T]he allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 554-55).

Moreover, Plaintiff's allegation that his food was being served to him "ice cold" after "they figured out I was pursuing the matter with the legal system" also fails to meet the standard for adverse action. The Court finds that being served food that is "ice cold" amounts to a "de minimis inconvenience" which does not rise to a constitutional magnitude. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); *cf. Thaddeus-X v. Blatter*, 175 F.3d at 397 (holding that "[h]arassment, physical threats, and transfer to the area of the prison used to house mentally disturbed inmates, especially combined with the conditions allegedly present there" satisfy the requirement for adverse action).

Therefore, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against MCDC, official-capacity claims against Nunnely and Groves, claim to strike or suspend his sentence, claims regarding his grievances, and claim for retaliation are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate MCDC, Nunnely, and Groves as parties to this action and to add Muhlenberg County a Defendant in the docket sheet.**

The Court will enter a separate Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: January 21, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Muhlenberg County Attorney
4414.010

9