UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:19-CV-00154 -JHM

KRISTOPHER DAVID NEWMAN                                                    PLAINTIFF

V.

MUHLENBERG COUNTY and                                                      DEFENDANTS
KELLWELL FOOD MANAGEMENT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Muhlenberg County's Motion for Summary Judgment. [DN 36]. Plaintiff Kristopher Newman did not file a response in this matter. The Court previously directed the Clerk of Court to mail a copy of the motion to Newman in October 2020. [DN 38]. Then, during a telephonic status conference before the magistrate judge, Newman claimed that he did not receive a copy of the motion. [DN 44]. On December 8, 2020 a copy of the motion was mailed to Newman. Per the order, Newman had 20 days following the receipt of the order to file his response to the motion. [*Id.*]. As of today, Newman still has not filed a response, even though it is past the deadline to file. The Court considers this matter fully briefed and ripe for decision. For the following reasons, Muhlenberg County's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff Kristopher Newman was incarcerated at the Muhlenberg County Detention Center. [DN 1 at 1]. Newman requested a kosher diet in accordance with his religion. [*Id.* at 4]. Newman alleges that the kosher diet he was placed on "was not a religious diet and they refused to fix it immediately." [*Id.*]. He filed grievances concerning the issue. [*Id.*, DN 1-1]. He states that after he made complaints, the jailor gave him a menu from the food provider. [DN 1 at 4–5].

He states that he was not given the proper items and that he received trays with items that were not kosher. [*Id.* at 5]. Plaintiff claims that "[t]hey handed me a menu and still they serve whatever they feel. And also they have told me that they have a Jewish inmate in the kitchen that has approved what I eat." [*Id.* at 6]. Newman maintains that he did not receive a kosher diet. Newman also filed a document which the Court construes as a supplemental complaint. [DN 5]. It further details his complaints and quest to get kosher food. [*Id.*, DN 5-1]. Newman also filed a letter with the Court to further support his allegations. [DN 8, DN 8-1]. Newman sued in this Court and his 42 U.S.C. § 1983 claim for violation of the First Amendment's Free Exercise Clause and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) are the claims that remain against Muhlenberg County. [DN 9].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the nonmoving party, the nonmoving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the

nonmoving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" FED. R. CIV. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

When, like here, the motion is unopposed, "the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citations omitted). Even so, the Court is not required to "conduct its own probing investigation of the record" when faced with an unopposed motion for summary judgment. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, 2000 WL 1800475, at *3 (6th Cir. 2000) (citation omitted).

### III. DISCUSSION

#### A. First Amendment Free Exercise Claim

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). Two elements are required to state a claim under § 1983: (1) "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and" (2) "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988) (citations omitted).  "Absent either element, a [§] 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991).

When a § 1983 claim is made against a municipality, like Muhlenberg County, a court must analyze two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the municipality is responsible for that violation."  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (citations omitted).  The Court will address only whether Muhlenberg County caused the alleged First Amendment violation because Newman has failed to show this element of his claim.

 "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.2003) (citation omitted).

Here, Newman alleges that his individual rights were violated because he was not provided kosher meals.  [DN 1, DN 5].  However, Newman does not allege the existence of a Muhlenberg County policy or custom that was the moving force of the alleged First Amendment violation.  Because Newman has not alleged a policy or custom that caused the First Amendment violation, his § 1983 First Amendment Free Exercise claim fails.

## B.  RLUIPA Claim

RLUIPA, 42 U.S.C. § 2000cc-1(a), provides heightened statutory protection of the freedom of religion.  RLUIPA states in relevant part that:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this

title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

Newman has only sought monetary damages. [DN 1 at 7, DN 5]. The Supreme Court has held that money damages are not available against state prison officials sued in their official capacity under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). "Although [RLUIPA] permits the recovery of 'appropriate relief against a government,' 42 U.S.C. § 2000cc–2(a), this court has recently held that monetary damages are not available under RLUIPA." *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009)). Because monetary damages are not available under RLUIPA, Newman's RLUIPA claim fails too.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Muhlenberg County's Motion for Summary Judgment [DN 36] is **GRANTED**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

February 9, 2021

cc:    Counsel of Record
       Kristopher Newman, pro se