UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:19-CV-00154 -JHM

KRISTOPHER DAVID NEWMAN                                         PLAINTIFF

V.

KELLWELL FOOD MANAGEMENT, et al.                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kellwell Food Management's Motion for Summary Judgment.  [DN 49].  Plaintiff Kristopher Newman again did not file a response. Kellwell certified that a copy of the motion was sent to all of Newman's previously known addresses.  [*Id.* at 11].  As of today, Newman still has not filed a response, even though it is past the deadline to file a response.  The Court considers this matter fully briefed and ripe for decision.

I. BACKGROUND

The Court previously detailed the background of this case in a previous Memorandum Opinion and Order.  [DN 46].  By way of summary, Plaintiff Kristopher Newman claims he did not receive the kosher diet that he requested while he was incarcerated. Newman sued in this Court and his 42 U.S.C. § 1983 claim for violation of the First Amendment's Free Exercise Clause and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) are the claims that remain against Kellwell.  [DN 9].

II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a

matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

When, like here, the motion is unopposed, "the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden."  *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citations omitted).  Even so, the Court is not required to "conduct its own probing investigation of the record" when faced with an unopposed motion for summary judgment.  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).  "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact."  *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421, 2000 WL 1800475, at *3 (6th Cir. 2000) (citation omitted).

## III. DISCUSSION

*First Amendment Free Exercise Claim.*  When a § 1983 claim is made against a municipality a court must analyze two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation."  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (citations omitted).  Regarding Kellwell, the Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Kellwell Food.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).  The Court will address only

whether Kellwell caused the alleged First Amendment violation because Newman has failed to show this element of his claim. To demonstrate municipal liability, a plaintiff must among other things "identify the municipal policy or custom [.]" *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.2003) (citation omitted).

Here, Newman alleges that his individual rights were violated because he was not provided kosher meals. [DN 1, DN 5]. However, Newman does not allege the existence of a Kellwell policy or custom that was the moving force of the alleged First Amendment violation. Therefore, his § 1983 First Amendment Free Exercise claim fails.

*RLUIPA Claim*. As the Court previously explained [DN 46], Newman has only sought monetary damages and monetary damages are not available under RLUIPA in this situation.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Kellwell's Motion for Summary Judgment [DN 49] is **GRANTED**.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

April 20, 2021

cc:   counsel of record
      Kristopher Newman, pro se